**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**LEVELLE D. BROWN**                                         **CIVIL ACTION NO.**

**VERSUS**
                                                             **23-250-JWD-EWD**
**DENIS MCDONOUGH, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 28, 2023.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVELLE D. BROWN** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **DENIS MCDONOUGH, ET AL.** | **23-250-JWD-EWD** |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Complaint of Plaintiff Levelle D. Brown ("Brown"), who is representing himself and proceeding without prepaying the filing fee ("*in forma pauperis*").[1] Following a hearing held pursuant to *Spears v. McCotter*,[2] it is recommended that Brown's Complaint be dismissed without prejudice on the Court's own motion because the Court does not have subject matter jurisdiction over Brown's claims, which are subject to the exclusive procedures set forth in the Veterans' Judicial Review Act.

**I.    BACKGROUND**

Brown filed this proceeding alleging that the United States Department of Veteran's Affairs (the "VA") denied his applications for veteran's benefits[3] from May 2017 through March 2023.[4] Plaintiff further contends that either the VA, or the Veterans Evaluation Services (through Maximus, which is a contractor that "provide[s] support in the medical disability claims process" to veterans, providers, and veterans service organizations), "does not follow their rules" and

---

[1] R. Docs. 6-7.
[2] 766 F.2d 179 (5th Cir. 1985); R. Doc. 13.
[3] Brown alleges that he has been denied VA benefits despite his medical conditions including ischemic heart disease, sleep apnea, Non-Hodgkin's lymphoma, anxiety, depression, and diabetes. R. Doc. 1, p. 4. It appears that Brown does receive benefits through the Social Security Administration. R. Doc. 1-1.
[4] R. Doc. 1, pp. 1, 4. *See Arellano v. McDonough,* 598 U.S. 1, 4 (2023) ("The United States offers benefits to any veteran who suffers a service-connected disability. 38 U.S.C. §§ 1110, 1131. A veteran seeking these benefits must file a claim with the VA. § 5101(a)(1)(A). 'A regional office of the VA then determines whether the veteran satisfies all legal prerequisites, including the requirement that military service caused or aggravated the disability." *George v. McDonough*, 596 U.S. [] (2022).'").

discriminated against him because he was denied benefits based on his race, black.[5] Brown named Denis McDonough, the Secretary of the VA, and Bruce Caswell, the President and Chief Executive Officer of Maximus, as defendants.

Because the nature of Brown's claim was somewhat unclear, an in-person hearing was held on May 17, 2023, pursuant to *Spears v. McCotter* (the "*Spears* Hearing").[6] At the *Spears* Hearing, Brown provided testimony under oath regarding his claims, and the Court discussed subject matter jurisdiction with Brown and answered his questions. Significantly, Brown confirmed that he filed suit to challenge the denial of his applications for veterans' benefits by the VA.[7] Brown also confirmed that he failed to exhaust his appeals through the process mandated by the Veterans' Judicial Review Act ("VJRA").[8] At the conclusion of the hearing, Brown was advised that this Report would be issued with a recommendation to the district judge regarding Brown's claims.[9] It was also explained to Brown that he would have an opportunity to respond to the Report and Recommendation,[10] which is the 14-day objection period provided in the attached Notice.

## II.    LAW AND ANALYSIS

### A.  Subject Matter Jurisdiction

As was explained to Brown at the *Spears* Hearing, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United

---

[5] R. Doc. 1, pp. 1, 4 and *see* https://www.ves.com/about-ves/.
[6] As explained in the Order setting the *Spears* Hearing, the purpose of the hearing was "to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." R. Doc. 11.
[7] R. Doc. 13.
[8] Brown believed that he filed an appeal with the VA and/or the Board and received a denial from the Board, but he did not appeal that denial to the U.S. Court of Appeals for Veterans Claims.
[9] R. Doc. 13.
[10] *See*, R. Doc. 13, p. 2.

2

States."[11]  This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[12]  A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[13]  A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[14]  Significantly, a district court can dismiss an action on its own motion for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[15]

### B. Brown's Claim for Discriminatory Denial of Veterans Benefits by the VA Must Be Dismissed Because This Court Lacks Jurisdiction

Without reaching the question of whether Brown has named a competent defendant in the proper capacity,[16] the Court is foreclosed from hearing Brown's claim, which Brown confirmed

---

[11] 28 U.S.C. § 1331.

[12] 28 U.S.C. § 1332.  Brown alleged that this Court has diversity subject matter jurisdiction. R. Doc. 1, pp. 1-2. While Brown expressly alleged an amount in controversy greater than $75,000, he failed to properly allege his own citizenship and that of Defendants McDonough and Caswell.  R. Doc. 1, p. 1.  However, even if Brown had properly alleged that the parties are diverse, this Court still cannot exercise jurisdiction over Brown's claim, as discussed *below*.  Similarly, Brown's attempt to premise jurisdiction on 28 U.S.C. § 1343 also fails, as noted *below.* Brown has not alleged any other basis for this Court's subject matter jurisdiction.

[13] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (*citing* 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, (1994).  *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[14] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[15] *Dickens v. TASB Risk Management*, 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018).  *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'"), citing Fed. R. Civ. P. 12(h)(3).

[16] It is unclear from Brown's Complaint whether McDonough and Caswell are sued in their individual capacities, official capacities, or both, although Brown clarified at the hearing that he was asserting official capacity claims against both Defendants.  R. Doc. 1, p. 1.  In any case, Brown has no cause of action against Secretary McDonough (and Caswell, to the extent that he could somehow be considered an employee of the VA) in his individual capacity for denial of benefits. *Zuspann v. Brown,* 60 F.3d 1156, 1160 (5th Cir. 1995) ("…no cause of action lies against the VA employees in their individual capacities") and *see Lewis v. McQuaid,* No. 06-1268, 2006 WL 3759658, at *2-3 (W.D. La. Dec. 19, 2006) (dismissing the *pro se* plaintiff's denial of benefits claims raised against a VA official in his individual and official capacities for lack of jurisdiction).

during the hearing[17] involves a challenge to the VA's denial of his applications for benefits, by operation of 38 U.S.C. § 511(a):

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."[18]

Furthermore, the VJRA creates an exclusive review procedure by which veterans can appeal benefits decisions, which also restricts federal district court review.[19] As the U.S. Court of Appeals for the Fifth Circuit explained in *King*, which involved a veteran's challenge to the VA's denial of benefits under the Federal Tort Claims Act ("FTCA") and state law:

> …[P]rovisions in the VJRA establish "an exclusive review procedure" for veterans to appeal benefits decisions: The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals. Congress expressly gave the Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." [] Under these provisions, the district court lacked jurisdiction if King's claims amounted to an appeal of the VA's

---

[17] R. Doc. 13, p. 1 and *see* the Complaint's references to the regulations regarding aggravations of non-service connected disability (38 C.F.R. § 3.310) and reasonable doubt (38 C.F.R. § 3.102), which indicate that Brown is challenging the benefits determinations.
[18] 38 U.S.C. § 511(a). 38 U.S.C. § 511(b)(4) provides that the second sentence of subsection (a) does not apply to "matters covered by chapter 72 of this title," which chapter governs appeals of benefit decisions to the Court of Veterans Appeals and thereafter to the Federal Circuit, both of which have exclusive jurisdiction. *See* 38 U.S.C. §§ 7252, 7292. *See also Zuspann,* 60 F.3d at 1158 ("Federal courts are courts of limited jurisdiction. Section 511 of Title 38, formerly § 211, precludes judicial review of veterans' benefits determinations.") and *Lewis,* 2006 WL 3759658, at *2 ("Section 511 precludes judicial review of veterans' benefits determinations.").
[19] *Burrell v. Dep't of Veteran Affairs,* No. 14-911, 2014 WL 3109959, at *2 (N.D. Tex. July 8, 2014), citing 38 U.S.C. § 511(a), *and King v. U.S. Dept. of Veterans Affairs,* 728 F.3d 410, 414 (5th Cir. 2013), citing *Zuspann,* 60 F.3d at 1158–1159). *See also Kalick v. United States,* 109 Fed. Cl. 551, 557 (Fed. Cl. 2013), *aff'd,* 541 Fed.Appx. 1000 (Fed. Cir. 2013) (noting that the Veterans Judicial Review Act of 1988, Pub.L. No. 100–687, 102 Stat. 4105 is "codified as amended at 38 U.S.C. §§ 7251–7292.").

4

benefits decisions. The district court concluded that they did, and we agree.[20]

If a plaintiff's claims would require the court to assess the VA's benefits decisions, including the propriety of the VA's handling of the claim and the factual or legal determinations upon which the VA makes its benefits decision, the court lacks jurisdiction to hear the claim under the foregoing provisions.[21] Thus, although Brown challenges the denial of his applications for benefits on the basis that they were allegedly racially discriminatory,[22] this Court still lacks jurisdiction to consider them because the substance of Brown's claims is a challenge to the VA's underlying processes and its benefits decisions.[23] Brown admitted that he did not exhaust the VJRA appeals process and he cannot bypass the VJRA's exclusive procedure by seeking review in this Court.[24]

---

[20] *King,* 728 F.3d at 414, citing *Zuspann,* 60 F.3d at 1158–59 (footnotes omitted in quote). *See Kalick,* 541 Fed.Appx. at 1001 ("Courts have uniformly ruled that the VJRA provides the exclusive regime for reviewing denials of veteran benefits. *See, e.g., Jackson v. United States,* 242 Fed.Appx. 698, 700–01 (Fed. Cir. 2007); *Zuspann,* 60 F.3d at 1158–59; *Sugrue v. Derwinski,* 26 F.3d 8, 10–11 (2d Cir. 1994); *Hicks v. Veterans Admin.,* 961 F.2d 1367, 1369–70 (8th Cir. 1992).") *See also* 38 U.S.C. § 7104(a), the statute governing the jurisdiction of the Board of Veterans Appeals; 38 U.S.C. § 7252, the statute governing the jurisdiction of the Court of Veterans Appeals; and 38 U.S.C. § 7292, the statute governing the jurisdiction of the Federal Circuit.

[21] *King,* 728 F.3d at 415 (citations omitted).

[22] R. Doc. 1, pp. 3-4. As such, the Court also does not have jurisdiction under 28 U.S.C. § 1343 because, notwithstanding Plaintiff's claim of racial discrimination, the VJRA's exclusive procedure controls benefits determinations. *See, e.g.,* n. 23 *below* and *e.g.*, *Chapman v. Houston Welfare Rts. Org.,* 441 U.S. 600, 601-02 (1979) ("Section 1343 does not confer federal jurisdiction over claims based on the Social Security Act, since that Act is not a statute securing 'equal rights' within § 1343(3) or 'civil rights' within § 1343(4).").

[23] *See Burrell,* 2014 WL 3109959, at *2 (dismissing veteran's claim that the VA's denial of his benefits was a violation of the Americans with Disabilities Act and holding, "His claim, like the veteran's claims in *King,* requests this Court determine whether the VA acted properly in handling his requests for benefits. *King*, 728 F.3d at 415. Since Plaintiff essentially seeks District Court review of the VA's actions in connection with the denial of his benefits, his request is outside this Court's jurisdiction. *Id.* (veteran's challenge pursuant to Federal Tort Claims Act of termination of benefits by VA was appeal of VA's benefits decision, and therefore, district court lacked jurisdiction over proceedings); *Zuspann,* 60 F.3d at 1159 (veteran's claim that VA denied him adequate medical care in violation of the Rehabilitation Act and Due Process Clause of the Fifth Amendment was in reality an individualized challenge to the VA's decision to deny him benefits over which district court lacked subject matter jurisdiction). *See also Hairston v. DBA, Regional VA Office Martinsburg*, 841 Fed.Appx. 565, 569-70 (4th Cir. 2021) (dismissing claim for back benefits asserted by veteran who alleged he was discriminated against twice by VA representatives who failed to properly and timely instruct him in the applications process, which resulted in a delay in benefits, and holding: "Because Hairston's complaint effectively seeks review of the VA's failure to provide benefits for the one-year period during which his application allegedly was delayed, the government contends, the district court lacked jurisdiction over his claim. We agree…Because Hairston's discrimination claims ask the district court to recognize his entitlement to benefits and review the VA's determination of the appropriate start date for those benefits, they fall within the scope of § 511(a) and cannot be heard in district court.").

[24] *Alvarez v. McDonough,* No. 22-273, 2022 WL 2763585, at *2 (W.D. Tex. July 15, 2022) (dismissing denial of benefits claim that was not adjudicated through the VJRA for lack of jurisdiction) and *see Bell v. Veterans Admin.,* 946 F. Supp. 479, 480 (N.D. Tex. 1996) ("It is apparent from the face of Bell's complaint that he is challenging a

At the hearing, Brown attempted to rely on *Arellano v. McDonough*; however, that case is distinguishable because there the plaintiff challenged the denial of his benefits utilizing the appeals process set out in the VJRA, which Brown failed to do in this case.[25] Brown also attempted to rely on the Complaint filed in *Monk v. U.S.*, which is pending in the U.S. District Court for the District of Connecticut. In *Monk*, the plaintiff does not challenge to his denial of benefits, but rather, challenges the VA's administration of benefits, among other claims. However, the court has not ruled on the plaintiff's claims because it has not yet decided whether it has jurisdiction. Additionally, any ruling on the merits in *Monk* would not be controlling over this Court.[26]

### C. Leave To Amend Is Not Warranted Because This Court Lacks Subject Matter Jurisdiction Over Brown's Claim

While generally "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, ... [g]ranting leave to amend is not required ... if the plaintiff has already pleaded his 'best case.'").[27] In this case, a hearing was held and Brown was given another opportunity to plead his "best case" by further explaining the basis for his claim under oath. Brown confirmed that his claim was a challenge to the denial of veterans benefits, which he failed to appeal through the VJRA process. As such, granting leave to amend would be futile and cause needless delay because this Court cannot entertain Brown's claim.[28]

---

denial of veterans benefits by the defendant Veterans Administration. The district court, therefore, does not have jurisdiction over Bell's claim and must dismiss his complaint.").
[25] *Arellano,* 598 U.S. 1, and noting that the plaintiff pursued his claim through the VA regional office, and then appealed to the Board, the Court of Veterans Appeals and the Federal Circuit, after which the United States Supreme Court granted certiorari. *Id.* at 5-6.
[26] *See Monk v. United States,* No. 22-cv-1503 (D.Conn. Nov. 28, 2022). Not surprisingly, the government has filed a motion to dismiss Monk's claims for lack of jurisdiction, which is currently pending. *See* R. Docs. 23, 78 of that docket.
[27] *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted).
[28] *See, e.g., Gutierrez v. Drug Enforcement Administration*, No. 18-964, 2018 WL 4471789, at *2 (N.D. Tex. Aug. 24, 2018), report and recommendation adopted, No. 18-964, 2018 WL 4467924 (N.D. Tex. Sept. 17, 2018) (recommending dismissal without prejudice and without leave to amend because the plaintiff's claims were futile, and he had an opportunity to plead his best case). While amendment of this lawsuit is not warranted, Brown's remedy lies in the procedures provided by the VJRA for further appeal(s) of the denial of his benefits, to the extent further appeals are possible.

### III.  RECOMMENDATION

This Court lacks subject matter jurisdiction over Brown's claim seeking review of his VA benefits denial. Therefore, Brown's claim should be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Complaint, filed by Plaintiff Levelle D. Brown, and all claims asserted therein, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS ORDERED** that a copy of this Order shall be sent to Plaintiff Levelle D. Brown at his address listed on PACER by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, December 28, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**